UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRESNEL JOSEPH,

Petitioner,

v.

WARDEN CHARLES GREEN, et al.,

Respondents.

Civil Action No. 16-8349 (JLL)

OPINION

**LINARES**, District Judge:

Currently before the Court is the petition for a writ of habeas corpus of Petitioner, Fresnel Joseph, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1, 6). Following an order to answer (ECF No. 5), the Government filed two responses to the Petition. (ECF Nos. 13-14). Petitioner did not file a reply. For the following reasons, this Court will dismiss the petition without prejudice as premature.

## I. BACKGROUND

Petitioner is a native and citizen of Haiti who applied for admission into this country on March 6, 2016, at San Ysidro, California. (Document 2 attached to ECF No. 13 at 2). Because Petitioner was not entitled to admission as he did not have a valid visa, Petitioner was taken into immigration custody and placed into removal proceedings at that time. Petitioner has remained in immigration detention since his arrival. (*Id.*). On November 21, 2016, an immigration judge ordered that Petitioner be removed from the United States. (Document 3 attached to ECF No. 13). Petitioner appealed, and the Board of Immigration Appeals dismissed his appeal on March 9, 2017.

1

(Document 1 attached to ECF No. 14 at 3). Petitioner has apparently not filed a petition for review with the United States Court of Appeals.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his petition, Petitioner contends that his continued immigration detention violates Due Process as he has been held for a considerable period of time without receiving a bond hearing. In order to examine that claim, this Court must first examine the statutory basis for Petitioner's detention. While 8 U.S.C. § 1225(b) governs the detention of an alien, such as Petitioner, who is detained as an applicant for admission and who is not clearly entitled to be admitted into the United States prior to the receipt of a final order of removal, once a final order of removal is issued an alien is instead subject to mandatory detention under 8 U.S.C. § 1231(a). Under § 1231(a), the

Government is required to detain an alien subject to a final order of removal for ninety days after the issuance of the final removal order. *See* 8 U.S.C. § 1231(a)(2); *see also* 8 U.S.C. § 1231(a)(1)(B)(ii). Detention during this ninety day removal period is mandatory. *See Zadvydas*, 533 U.S. at 683. Thus, once an alien is subject to a final order of removal, his detention is governed by § 1231 unless and until he seeks review of his removal order by filing a petition for review with the Court of Appeals and is granted a stay of removal. *See* 8 U.S.C. § 1231(a)(1)(B)(ii). In this matter, Petitioner received an administrative final order of removal on March 9, 2017, when the Board dismissed his appeal, and Petitioner entered his 90 day removal period upon that date as he has apparently not filed a petition for review nor sought a stay from the Court of Appeals. 8 U.S.C. § 1231(a)(1)(B)(ii).

Because Petitioner is subject to a final order of removal and has not sought review or a stay from the Court of Appeals, the propriety of his detention is controlled by the Supreme Court's decision in *Zadvydas*. As this Court recently explained,

> In *Zadvydas*, the Court observed that § 1231(a) requires the Government to detain all aliens subject to administratively final orders of removal during the statutory ninety day removal period. 533 U.S. at 683. The Court further held that the statute permits the Government to detain aliens beyond that ninety day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these statutory provisions, the *Zadvydas* Court in turn held that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore not violative of Due Process. *Id.* at 701. Thus, where a removable alien has been detained under § 1231 for less than six months following a final order of removal, his challenge must be [dismissed] as premature. *Id.*

*Tejada v. Rodriguez*, No. 16-8874, 2017 WL 1591858, at *2 (D.N.J. May 1, 2017).

In this matter, Petitioner received a final order of removal on March 9, 2017, and entered his ninety day removal period at that time. As the ninety day removal period has not yet expired, Petitioner is well within the six month presumptively reasonable period established by *Zadvydas*. As such, this Court is required to presume that Petitioner's current detention is reasonable, and Petitioner's habeas petition must be dismissed at this time as premature.

**III. CONCLUSION**

For the reasons expressed above, this Court will dismiss Petitioner's petition for a writ of habeas corpus (ECF No. 1, 6) without prejudice as premature. An appropriate order follows.

_____
Hon. Jose L. Linares,
United States District Judge

Dated: May 8th, 2017